IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY FERRELL, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 07-CV-030-JHP-SAJ |
| FRANK CANTEY; ANDREA MATHIS; DON CHAMBERS, | ) |
|        Defendants. | ) |

## OPINION AND ORDER
## DISMISSING COMPLAINT

On January 9, 2007, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1) and a motion for leave to proceed *in forma pauperis* (Dkt. # 2). At the time Plaintiff filed his complaint, he was incarcerated at the Mayes County Jail. By Order filed January 24, 2007 (Dkt. # 3), the Court granted Plaintiff's motion to proceed *in forma pauperis*. On March 9, 2007, Plaintiff filed an amended complaint (Dkt. # 10). The Court directed service of process by the United States Marshal. See Dkt. # 5. The Court also directed Defendants to file answers and/or dispositive motions along with a Special Report within sixty (60) days of service. See id. On May 7, 2007, a Special Report (Dkt. # 15) was filed on behalf of Defendants. On May 22, 2007, Defendant Cantey filed a motion to dismiss (Dkt. # 17). On that same date, Defendants Chambers and Mathis filed a special appearance and motion to dismiss (Dkt. # 18). For the reasons discussed below, the Court finds Defendants' motions shall be granted and the complaint, as amended, shall be dismissed since the only relief sought by Plaintiff has been rendered moot by his release from custody at the Mayes County Jail.

In his original complaint (Dkt. # 1), Plaintiff names as defendants Frank Cantey, Sheriff of Mayes County, and Andrea Mathis, Jail Administrator. He describes the background of his case as "[h]azardous living conditions, cruel and unusual Punishment, and denial of medical attention." (Id.) He identifies three (3) claims as follows: (1) "cruel and unusual punishment -- hazardous living conditions," (2) "cruel and unusual punishment -- denial of adequate clothing and hygiene supplies," and (3) "denial of adequate medical care access and denial of medications." (Id.) In his request for relief, Plaintiff asks only "that all these issues be corrected, and that inmates be moved to a safe area while cleanup is made, that heat be provided and that all inmates be provided necessary medications." (Id.) In his amended complaint (Dkt. # 10), Plaintiff adds a new defendant, Don Chambers, Jail Administrator, and complains that he has not been allowed to use the law library or to go to the dentist. He also complains that he has been retaliated against because of filing the instant action. See Dkt. # 10. As his requested relief, Plaintiff asks "that these issues be corrected and I get to go to the dentist and that the retaliation stops and that I get to use the law library and I be moved back to D-pod." (Id.) In the Special Report filed May 7, 2007, Don Chambers, Mayes County Jail Administrator, states that Plaintiff was released from custody on April 27, 2007. See Dkt. # 15 at 3. In support of their motions to dismiss, Defendants provide Plaintiff's "Release Sheet" reflecting that he was released from custody on April 27, 2007. See Dkt. #s 17 and 18, Ex. 1.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

2

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); see also § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

As indicated above, Plaintiff's only request for relief in both the original complaint and the amended complaint is that corrective action be taken at the Mayes County Jail. However, in the Special Report and in their motions to dismiss, Defendants have provided notice to the Court that since the filing of this action, Plaintiff has been released from the Mayes County Jail. Because he is no longer housed at the Mayes County Jail, Plaintiff has no present interest affected by the allegedly unconstitutional conditions of confinement at the Mayes County Jail and he has no legitimate claims for declaratory or injunctive relief. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir.1997) (concluding that a prisoner's transfer or release from a jail moots his claims for declaratory relief). Therefore, the Court finds Plaintiff's requests for various forms of injunctive relief have been rendered moot. See id.; Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Murphy v. Hunt, 455 U.S. 478, 481 (1982). Defendants' motions to dismiss shall be granted and the complaint, as amended, shall be dismissed for failure to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motions to dismiss (Dkt. #s 17 and 18) are **granted**.

2. The complaint (Dkt. # 1), as amended (Dkt. # 10), is **dismissed** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This is a final Order terminating this action.

**DATED** THIS 29th day of May 2007.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma